**THOMAS AMERICA CORP., Plaintiff,**

v.

**Robert M. FITZGERALD, Defendant.**

No. 94 Civ. 0262 (CBM).

United States District Court, S.D. New York.

March 27, 1997.

Alfred C. Constants, III, Carella, Byrne, Bain, Gilfillan, Cecci, Stewart & Olstein, Roseland, NJ, for Thomas America Corp.

Robert M. Fitzgerald, Denver, CO, pro se.

MOTLEY, District Judge.

Defendant Robert M. Fitzgerald has requested that the court enforce a settlement agreement which he claims has been reached by the parties. Plaintiff Thomas America denies that such an agreement was ever concluded.

This case has a protracted and muddled history which does not need to be explored in depth here. The only matter presently pending before the court is whether a binding settlement agreement was concluded between the parties at about the same time that plaintiff filed for bankruptcy in August of 1995.

At a pretrial conference held on October 31, 1996, defendant submitted a letter dated August 28, 1995, which he had written to Plaintiff's CEO, Mr. Thomas Pacconi. The letter proposes a settlement wherein defendant would release plaintiff from any past, present and future claims it might have against plaintiff, and in return, plaintiff would dismiss the present action with prejudice. The offer was to remain open for 48 hours. Mr. Pacconi seems to have initialed his approval of the terms by writing "I agree. Put it in writing" on the agreement itself. The letter is dated August 28, 1995. At that time, the court expressed skepticism at plaintiff's argument that the letter, which contained all the material terms of an agreement, was not an offer but rather only an invitation to negotiate. The court was similarly skeptical of plaintiff's assertion that, since the bankruptcy had already commenced by the time that the letter was written, Mr. Pacconi was without authority to convey the assets of the company in this manner. The court indicated that whether or not this conveyance was fraudulent was a determination to be made by the bankruptcy court at the request of the bankruptcy trustee. Rather than rule at that time, however, the court granted each party approximately one month to submit proposed findings of fact and conclusions of law on the issue of whether a valid settlement agreement was reached. The court marked a number of documents introduced at the pretrial conference as exhibits, but no testimony was taken.

■ As part of its proposed findings of fact and conclusions of law, plaintiff introduced a much more convincing argument than those which it had introduced at the October 24 pretrial conference; namely, that the offer had lapsed before it was accepted. To buttress this claim, plaintiff introduced a more complete version of the August 28 letter, which is identical to the one submitted by defendant to the court on October 24, 1996 except that it includes a "fax post-it" from Mr. Pacconi to Mr. Fitzgerald which is dated August 31, 1995. The natural inference to be drawn from the "post-it" is that

Mr. Pacconi wrote the words "I agree" on plaintiff's letter and sent it back to plaintiff on August 31, 1995. Plaintiff provides further support for this inference by submitting an affidavit from Mr. Pacconi in which he declares that he responded to defendant's letter on August 31, 1995. Thus, the offer, which was made on August 28, 1995 and was to be valid for only 48 hours, was accepted three days later, after it had lapsed.

■ Since it is clear that a lapsed offer cannot be accepted, RESTATEMENT (SECOND) OF CONTRACTS § 41(1); 1 SAMUEL WILLISTON LAW OF CONTRACTS § 5:5 (1990); 1 ARTHUR LINTON CORBIN, CORBIN ON CONTRACTS § 2.14 (1993), the only conclusion that can be drawn from the evidence is that the offer has indeed lapsed and that there is no binding agreement. Though defendant was given an opportunity to respond to plaintiff's findings of fact and conclusions of law, he has not even attempted to address the question of whether the offer had lapsed.

Thus, the court rules that there is no binding settlement agreement between the parties and denies defendant's request to enforce such an agreement.