**THOMAS AMERICA CORP., Plaintiff,**

v.

**Robert M. FITZGERALD, Defendant.**

**No. 94 Civ. 0262(CBM).**

United States District Court,
S.D. New York.

Aug. 28, 1997.

## MEMORANDUM OPINION

MOTLEY, District Judge.

After a hearing on the matter and for the reasons stated below, this court has decided *sua sponte* to impose sanctions upon plaintiff's former CEO in the amount of $1500. Furthermore, pursuant to an earlier order of the court, defendant's counsel is directed to pay $5160.20 to plaintiff's counsel for having filed a motion whose sole intent was to delay the proceedings. Finally, the court determines that no further sanctions are necessary against any of the parties in this matter.

## BACKGROUND

The underlying facts of this protracted and muddled dispute are set forth in the court's numerous previous decisions in this matter and familiarity therewith is assumed. *See Thomas America v. Fitzgerald,* 957 F.Supp. 523 (S.D.N.Y.1997)(denying request by defendant to enforce settlement agreement); *Thomas America v. Fitzgerald,* 968 F.Supp. 154 (S.D.N.Y.1997)(reconsidering previous opinion and enforcing settlement agreement); *Thomas America v. Fitzgerald,* 869 F.Supp. 221 (S.D.N.Y.1994) (granting plaintiff partial summary judgment on patent claims); *Thomas America v. Fitzgerald,* 1994 WL 440935 . (S.D.N.Y.1994)(denying change of

venue motion). The facts relevant to the issues raised in this opinion are the following:

1. There have been three prior actions between these parties. In the first action, Fitzgerald, defendant in this matter, and his licensee TT Systems Corporation brought suit in this court against Thomas America, plaintiff in this matter, alleging that Thomas America had infringed one of Fitzgerald's design patents, United States Design Letters Patent No. Des. 297,532 (the " '532 Patent"). *See Fitzgerald v. Thomas America Corp.*, 92 Civ. 3835(CBM). This action was voluntarily dismissed by the plaintiffs therein in early fall 1992. Shortly thereafter, Thomas America filed a declaratory judgment action against Fitzgerald and TT Systems Corporation in the United States District Court for the District of New Jersey. *See Thomas America Corp. v. Fitzgerald*, 2:92 CV 02351(HLS). In that action, Thomas America sought declarations of the invalidity and non–infringement of both of Fitzgerald's design patents, the '532 Patent and United States Design Letters Patent No. Des. 297,-533 (the " '533 Patent"). However, the complaint in that action was dismissed as against Fitzgerald for lack of personal jurisdiction on April 21, 1993. In the same month, Fitzgerald subsequently filed the third action in the United States District Court for the District of Colorado alleging that Thomas America had infringed both the '532 Patent and one of Fitzgerald's trademarks, United States Trademark Registration No. 1,479,454 ("The Country Store Telephone"). *See Fitzgerald v. Thomas America Corp.*, Civil Action No. 93–M–889. On January 6, 1994, that action was dismissed for lack of personal jurisdiction over Thomas America. Thomas America subsequently filed this action, seeking declaratory judgments with respect to two of Fitzgerald's patents as well as his trademarks in two models of telephones, "The Country Store Telephone" and "The County Line Telephone."

2. Just prior to trial in this matter, in August of 1995, defendant brought a belated motion to dismiss on the grounds that the court lacked subject matter jurisdiction over Count IV, dealing with the alleged noninfringement of "The County Line Telephone." Defendant asserted that he had never claimed that any of plaintiff's telephones infringed this mark. However, the two trademarks at issue involved telephones remarkably similar to one another. Moreover, as should be clear from ¶ 1 *supra*, plaintiff had a history of claiming infringement of different patents and trademarks in different courts throughout the country, making plaintiff's apprehension that it would be sued on the "The County Line Telephone" quite reasonable. Finally, the court found it significant that defendant had failed to raise this issue in his answer, in opposition to defendant's motion for summary judgment, or at any other time prior to August of 1995, little more than a month before trial was to begin.

3. For these reasons, by Order dated September 7, 1995, the court granted plaintiff's motion for attorney's fees and directed plaintiff to submit time records as to the number of hours he spent defending against the frivolous motion. Though plaintiff submitted these records, the court never ordered defendant's counsel to pay them because the court was informed on September 13, 1995 that plaintiff had declared bankruptcy. This matter was then placed on the suspense calendar until the beginning of 1996, when plaintiff's counsel obtained leave to proceed with the litigation. On April 15, 1996, defendant requested that the case be referred to mediation on the grounds that a settlement had been reached in August of the previous year and the parties therefore only needed to formalize the terms of that settlement. Over the plaintiff's objection, this case was referred to mediation by Order dated May 7, 1996.

4. The mediation was unsuccessful, and the court removed the case from the suspense calendar in October of 1996.

5. At a pretrial conference on October 31, 1996, defendant Fitzgerald introduced a letter sent by him to Mr. Pacconi, plaintiff's former CEO, dated August 28, 1995, in which a settlement was proposed wherein plaintiff would agree to drop the instant suit, and defendant would then refrain from pressing any further claims against plaintiff regarding the infringement of his patents. Defendant claimed that he had faxed this letter to Mr. Pacconi and that Mr. Pacconi faxed it back with the words "I agree" written on it. Defendant argued that this created a binding settlement agreement between the parties.

By order dated October 31, 1996, the court directed the parties to brief the subject.

6. Plaintiff in his submissions indicated, *inter alia,* that the agreement was not enforceable because it had lapsed before it was accepted. Plaintiff claimed that this was proven by the fact that Mr. Pacconi's secretary, Ms. Meyer, placed a "post–it" dated August 31, 1995 on the return fax. Since the offer itself stated that it was valid for only a 48 hour period, the argument regarding lapse appeared compelling. Rather than decide the question, however, the court granted defendant leave to respond to plaintiff's contentions. When defendant did not address the question of lapse in his answering papers, the court ruled, by Memorandum Order and Opinion dated March 27, 1997, that the agreement had lapsed and was not enforceable. *Thomas America,* 957 F.Supp. at 524–25.

7. Defendant then introduced evidence demonstrating that Ms. Meyer is not Mr. Pacconi's secretary, as Mr. Pacconi swore in his declaration; she is Mr. Fitzgerald's secretary. This means that the August 31 date written by Ms. Meyer was not written prior to her sending it from defendant's office but rather after she had already received it in plaintiff's office a day earlier. Thus, the offer had not lapsed.

8. As a result, by Order dated May 2, 1997, the court directed Mr. Pacconi to appear on July 17 to show cause why he should not be sanctioned for misleading the court as to the identity of Ms. Meyer. Defendant's counsel was also directed to appear on the same date to show cause why he should not be sanctioned for waiting so long to bring these matters to the court's attention. The court then enforced the settlement agreement by Memorandum Opinion and Order dated July 11, 1997.

9. At the order to show cause hearing held on July 17, 1997, Mr. Pacconi indicated that he did not carefully read his declaration before signing it and issued an apology for this negligence and for causing the court to waste valuable judicial resources in this matter.

10. Defendant's counsel stated at the hearing that he had no intention of delaying the proceedings and that he had not brought the misstatement to the court's attention earlier because he had not known about it. He claimed that he learned about the misstatement only after conferring with his client subsequent to the court's decision denying enforcement of the agreement.

## ANALYSIS

There are two separate issues to be discussed: (1) the appropriate sanctions to be imposed against defendant's counsel for filing its motion to dismiss in September of 1995 in violation of 28 U.S.C. § 1927 and (2) the appropriate sanctions to be imposed against Mr. Pacconi and defendant's counsel pursuant to Rule 11 for, respectively, misleading the court by filing a declaration which included false statements and failing to apprise the court of the misleading nature of the document.

### I. 28 U.S.C. § 1927

28 U.S.C. § 1927 reads in relevant part:

> Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Second Circuit has held that the imposition of sanctions pursuant to this provision is "highly unusual and requires a clear showing of bad faith." *West Virginia v. Chas. Pfizer & Co., Inc.,* 440 F.2d 1079, 1092 (2d Cir.1971). *Accord Kamen v. American Telephone & Telegraph Co.,* 791 F.2d 1006, 1010 (2d Cir.1986). Thus, an award under § 1927 is only proper "when the attorney's actions are so completely without merit as to require the conclusion that they must have been taken for some improper purpose such as delay." *Oliveri v. Thompson,* 803 F.2d 1265, 1273 (2d Cir.1986).

As was indicated earlier, the court has already found that counsel's making a frivolous motion to dismiss for lack of subject matter jurisdiction on the eve of trial was sanctionable under § 1927. Though of course subject matter jurisdiction may be contested at any time, it was ludicrous to suggest that plaintiff could not initiate a declaratory judgment action against this defendant, who has claimed infringement of a variety of patents

and trademarks in a variety of courts, for infringement of a mark which was very similar to another mark which he had accused plaintiff of infringing. That this motion was brought to the court's attention long after the pleadings and dispositive motions had been filed is further evidence that it was meant solely for the purposes of delay. The court thus adheres to its earlier ruling sanctioning defendant's counsel under 28 U.S.C. § 1927. Furthermore, the court has inspected counsel's time records and finds that his request for $5100.50 in attorney's fees and $59.70 in expenses is reasonable and awards them in full.

The court declines, however, to issue any further sanctions against defendant's counsel under § 1927, as requested by plaintiff. Plaintiff's claim that the question of the settlement agreement should have been raised with the court earlier than October of 1996 is without merit. Plaintiff had gone into bankruptcy shortly after this agreement was effected, and defendant could hardly have raised this issue while the case was on suspense. Moreover, shortly after plaintiff's counsel was given leave to proceed, defendant did apprise the court of its contention and sought mediation in order to formalize the settlement agreement in writing.

## II. Rule 11

Rule 11(b) of the Federal Rules of Civil Procedure reads in relevant part:

> By presenting to the court (whether by signing, filing, submitting or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2) the claims, defenses and other legal contentions therein are warranted by existing law or by a nonfrivolous argument

> > for the extension, modification, or reversal of existing law . . . ;
> >
> > (3) the . . . factual contentions have evidentiary support. . . .

The court is empowered pursuant to Rule 11(c) to impose monetary sanctions upon motion of the opposing party or upon its own initiative against parties, their attorneys or law firms who violate Rule 11(b). FED. R. CIV. P. 11(c). Unlike § 1927, "[i]n evaluating whether the signer of a filing has violated Rule 11, the district court applies an objective standard of reasonableness;" bad faith need not be shown. *MacDraw Inc. v. CIT Group Equipment Financing Inc.*, 73 F.3d 1253, 1259 (2d Cir.1996). Nevertheless, in the words of the Second Circuit, "Rule 11 sanctions must be imposed with caution" and a district court is required before issuing sanctions of such sort to "articulate with specificity the sanctionable conduct and the reasons supporting the sanctions." *Id.* In addition, the sanctions should be limited to that amount which is necessary to deter repetition of the sanctionable conduct. FED. R. CIV. P. 11(c).

### A. Defendant's Counsel

Defendant's counsel acted irresponsibly in failing to bring the matter of the false declaration to the court's attention. This is especially so where each party was given an opportunity to respond to the Findings of Fact and Conclusions of Law raised by the adversary. However, because it was Mr. Pacconi who filed the false declaration, and because the failure to report this to the court does not seem intentional[1], the court does not find it appropriate to issue sanctions against defendant's counsel under Rule 11.

### B. Mr. Pacconi

Mr. Pacconi, however, certainly deserves sanction. He has filed a document with this court which indicated that a particular individual was his secretary when she was not, and the court relied on this information in issuing a ruling. As a result, this court and the parties wasted a great deal of

---

1. Though the record makes clear that defendant and his counsel are willing to inexcusably protract litigation and waste judicial resources when it is to their advantage to do so, counsel's failure to raise this matter with the court at an earlier date does not seem to be intentional simply because defendant gains no tactical advantage by

time and money. Mr. Pacconi's explanation, that he did not read the declaration, is totally unacceptable; the rule requires that a person who signs a filing make a reasonable inquiry as to the truthfulness of the contentions contained therein. FED. R. CIV. P. 11(b). Not only did Mr. Pacconi fail to·make a reasonable inquiry, he failed to make any inquiry whatsoever. Even a cursory glance at the declaration would have revealed to him that it contained misstatements of fact. As a result, using its broad discretion, the court sanctions Mr. Pacconi the amount of $1500, to be paid to the Clerk of the Court.

### CONCLUSION

Thus, for the reasons provided above, Mr. Pacconi is sanctioned $1500, to be paid to the Clerk of the Court, and defendant's counsel is sanctioned $5160.20, to be paid to plaintiff's counsel.

waiting for the court to issue an adverse ruling   and then requesting reconsideration thereof.